IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SOFALY,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

CASE NO. 2:23-cv-02018-CB

DAMIEN MALCOLM,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

CASE NO. 2:24-cv-00053-CB

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S PETITION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Pursuant to the Court's August 5, 2024 Order[1], Defendant Portfolio Recovery Associates, LLC ("PRA") respectfully petitions the Court for its attorneys' fees, costs and expenses.

**I.  STANDARD OF REVIEW**

In determining the amount of attorney's fees to award, courts begin with the "lodestar" amount, "which is obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Lanni v. N.J.*, 259 F.3d 146, 149 (3d Cir. 2001). "A

---

[1] *See* ECF 32. The Court's Memorandum and Order were cross-filed in *Sofaly* (23-2018) and *Malcolm* (24-0053). The docket numbers referenced in this Petition are the numbers assigned in *Sofaly*.

1

District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Id.* "Following a determination of the lodestar, either party may seek an adjustment," and "[i]f that party meets the burden of proving that an adjustment is appropriate, the lodestar amount may be increased or reduced at the discretion of the District Court." *Id.*

In determining the amount of costs and expenses to award, courts consider whether the costs and expenses were "reasonably incurred" and are "adequately documented." *See Knox v. PPG Indus.*, 2019 U.S. Dist. LEXIS 242446, *3-4 (W.D. Pa. July 30, 2019) (discussing costs) (quoting *Becker v. ARCO Chem. Co.*, 15 F. Supp. 2d 621, 635 (E.D. Pa. 1998)); *In re Safety Components Int'l, Inc.*, 166 F. Supp. 2d 72, 108 (3d Cir. 2001) (discussing expenses).

II. **ARGUMENT**

    A. **Attorney's Fees**

In these cases, PRA was represented by Messer Stricker Burnette, Ltd. ("MSB"). During the relevant time period, six (6) attorneys and one (1) paralegal provided legal services to PRA in either or both matters.

In the *Sofaly* case, the hourly rates[2] sought and time billed through August 5, 2024 are as follows:

- *Lauren M. Burnette, Esq.* – From January 1, 2023 to December 31, 2023, Ms. Burnette billed at an hourly rate of $285 and billed a total of 4.2 hours ($1,197). *See* Exhibit A, Declaration of Lauren M. Burnette, Esq., at ¶¶ 13, 15 (citing the attached billing records). From January 1, 2024 through August 5, 2024, Ms. Burnette billed at an hourly rate of $310 and billed a total of 47.7 hours ($14,787). ¶¶ 13, 16. **In total, Ms. Burnette billed $15,984 during the relevant time period.**

- *Spencer M. Schulz, Esq.* – During the relevant time period, Mr.

---

[2] PRA pays a blended rate, meaning the hourly rate for partners and associates is the same.

Schulz billed at an hourly rate of $310 and billed a total of 6.3 hours. *See* Exh. A at ¶ 16 (addressing billing rate); Exhibit B, Declaration of Spencer M. Schulz, Esq., at ¶ 8 (citing the attached billing records). **In total, Mr. Schulz billed $1,953 during the relevant time period.**

- *Nicole M. Strickler, Esq.* – During the relevant time period, Ms. Strickler billed at an hourly rate of $310 and billed a total of 2.6 hours. *See* Exh. A at ¶ 16 (addressing billing rate); Exhibit C, Declaration of Nicole M. Strickler, Esq., at ¶ 13 (citing the attached billing records). **In total, Ms. Strickler billed $806 during the relevant time period.**

- *Katherine S. Olson, Esq.* – During the relevant time period, Ms. Olson billed at an hourly rate of $310 and billed a total of 1.5 hours. *See* Exh. A at ¶ 16 (addressing billing rate); Exhibit D, Declaration of Katherine S. Olson, Esq., at ¶ 8 (citing the attached billing records). **In total, Ms. Olson billed $465 during the relevant time period.**

- *Maureen B. Walsh, Esq.* – During the relevant time period, Ms. Walsh billed at an hourly rate of $310 and billed a total of 1 hour. *See* Exh. A at ¶ 16 (addressing billing rate); Exhibit E, Declaration of Maureen B. Walsh, Esq., at ¶ 11 (citing the attached billing records). **In total, Ms. Walsh billed $310 during the relevant time period.**

- *Tonique C. Garrett, Esq.* – During the relevant time period, Ms. Garrett billed at an hourly rate of $310 and billed a total of 2.3 hours. *See* Exh. A at ¶¶ 13, 16 (addressing billing rate and citing the attached billing records). **In total, Ms. Garrett billed $713 during the relevant time period.**

- *Angela A. Lewis* (paralegal) – During the relevant time period, Ms. Lewis billed at an hourly rate of $125 and billed a total of 2.4 hours. *See* Exh. A at ¶ 15 (addressing billing rate); Exhibit F, Declaration of Angela A. Lewis, at ¶ 8 (citing the attached billing records). **In total, Ms. Lewis billed $300 during the relevant time period.**

- ***Total – $20,531***

In the *Malcolm* case, the hourly rates sought and time billed through August 5, 2024 are as follows:

- *Lauren M. Burnette, Esq.* – During the relevant time period, Ms.

3

- Burnette billed at an hourly rate of $310 and billed a total of 4.3 hours. *See* Exh. A at ¶¶ 14, 16 (addressing billing rate and citing the attached billing records). **In total, Ms. Burnette billed $1,333 during the relevant time period.**

- *Spencer M. Schulz, Esq.* – During the relevant time period, Spencer M. Schulz, Esq. billed at an hourly rate of $310 and billed a total of 4 hours. *See* Exh. A at ¶ 16 (addressing billing rate); Exh. B at ¶ 9 (citing the attached billing records). **In total, Mr. Schulz billed $1,240 during the relevant time period.**

- *Katherine S. Olson, Esq.* – During the relevant time period, Ms. Olson billed at an hourly rate of $310 and billed a total of 1.2 hours. *See* Exh. A at ¶ 16 (addressing billing rate); Exh. D at ¶ 9 (citing the attached billing records). **In total, Ms. Olson billed $372 during the relevant time period.**

- *Tonique C. Garrett, Esq.* – During the relevant time period, Ms. Garrett billed at an hourly rate of $310 and billed a total of 0.6 hours. *See* Exh. A at ¶¶ 14, 16 (addressing billing rate and citing the attached billing records). **In total, Ms. Garrett billed $186 during the relevant time period.**

- *Angela A. Lewis* (paralegal) – During the relevant time period, Ms. Lewis billed at an hourly rate of $125 and billed a total of 1.8 hours. *See* Exh. F at ¶ 8 (citing the attached billing records). **In total, Ms. Lewis billed $225 during the relevant time period.**

- *Total: $3,356*

For the reasons explained below, these rates, the tasks performed, and the hours billed for the tasks, are reasonable and should be awarded.

1. *The requested hourly rates are reasonable.*

"An attorney's reasonable hourly rate is the prevailing rate[] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Clemens v. New York Cen. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018). Here the relevant "community" is the Western District of Pennsylvania—Pittsburgh Division. *See A.B. v. Pleasant Valley Sch. Dist.*, 839 Fed. Appx. 665, 668 (3d Cir. 2020) (identifying the "relevant community" as "the forum in

the litigation"). In determining the "prevailing community rate" courts often look to "the amounts awarded counsel with similar experience in similar litigation." *See Murphy v. Ability Recover Servs., LLC*, 2019 U.S. Dist. LEXIS 133667, *16 (W.D. Pa. Aug. 7, 2019) (quoting *Mitchell v. City of Phila.*, 2010 U.S. Dist. LEXIS 32984, 2010 WL 1370863, *14 (E.D. Pa. April 5, 2010) and citing *Arneault v. O'Toole*, 2016 U.S. Dist. LEXIS 166408, *40 (W.D. Pa. Dec. 2, 2016)).

The "similar services" or "similar litigation" factor focuses the "essential character and complexity of the legal services rendered." *See Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). The Cases here involved claims brought under the FDCPA, and courts within the Third Circuit have found that litigation of FDCPA cases generally involves "similar services" from case to case, regardless of whether a case is protracted and complex or short-lived and simple. *See, e.g.*, *Rosner v. Faloni Law Group, LLC*, 2021 U.S. Dist. LEXIS 46862, *8 (D.N.J. Feb. 8, 2021) (determining a reasonable rate based on awards in other FDCPA cases and declining to adjust the requested award because the case was "simple," "straightforward," and involved "no novel issues of law"); *Baynes v. Santander Consumer USA*, 2019 U.S. Dist. LEXIS 21810, *13 (W.D. Pa. Feb. 11, 2019) (treating work performed in FDCPA cases as involving similar services in determining a reasonable hourly rate).

In FDCPA cases filed in this District and Division, the Court has found hourly rates of between $210 and $400 to be reasonable, with the ultimate award depending on rates awarded to attorneys of "reasonably comparable skill, experience, and reputation." *Baynes*, 2019 U.S. Dist. LEXIS 21810, at *13 (citing *Jackson v. Allied Interstate, LLC*, 2013 U.S. Dist. LEXIS 109996, *23 (W.D. Pa. August 5, 2013)). In analyzing this factor, courts generally focus on the number of years the attorney has practiced (the longer the attorney has practiced, the higher the reasonable rate) and the attorney's status (partners generally command a higher reasonable rate than senior

associates who, in turn, command a higher reasonable rate than junior associates). *See, e.g.*, *Jackson*, 2013 U.S. Dist. LEXIS 109996, at *23 (awarding hourly rates of $300 to a partner with 22 years of experience, $250 to an associate with 12 years of experience, $200 to associate with 2 years of experience); *Baynes v. George E. Mason Funeral Home, Inc.*, 2012 U.S. Dist. LEXIS 39990, *7 (W.D. Pa. Mar. 22, 2012) (awarding hourly rates of $325 to a partner and $210 to an associate); *Baynes*, 2019 U.S. Dist. LEXIS 21810, at *12 (W.D. Pa. Feb. 11, 2019) (awarding an hourly rate of $250 to an attorney practicing law for 5 years); *Caplan v. Premium Receivables LLC*, 2015 U.S. Dist. LEXIS 98843 (W.D. Pa. July 29, 2015) (concluding $300 was a "reasonable" and "in line with the prevailing market rates in the Pittsburgh market" for attorney practicing 6 years and who offered no other evidence of their "skill, experience, or reputation" besides his years of experience); *Murphy*, 2019 U.S. Dist. LEXIS 133667, *14 (awarding $325 hourly rate to partner with 15 years of experience and $125 to a paralegal in the Court's Erie Division and citing cases noting the market rates in the Pittsburgh market are generally higher than in the Erie market). Notably, this Court has also recognized awards in older cases may not reflect the current reasonable rate and made upward adjustments to awards in prior cases to reflect the "passage of time." *See, e.g.*, *Milko v. Evolution Asset Grp. LLC*, 2023 U.S. Dist. LEXIS 187254, *12 (W.D. Pa. Oct. 17, 2023) (awarding an hourly rate of $400 to an attorney who been awarded $300 in prior cases due to the "passage of time").

For the reasons explained below, the requested hourly rates are in line with attorneys and paralegals of comparable knowledge, skill and experience.

Ms. Burnette is a Partner at MSB with more than 20 years of litigation experience. *See* Exh. A at ¶ 4. Ms. Burnette's practice is devoted to defending clients in the financial services industry, including in cases brought under the FDCPA and other state and federal consumer

6

protection statutes. through trial and appeals. *Id.* at ¶¶ 5-6. Ms. Burnette has litigated hundreds of consumer lawsuits, successfully tried cases to verdict in state and federal courts in Pennsylvania, Maryland, and Florida (among others), and represented clients in appeals before state and federal appellate courts. *Id.* at ¶ 7. She is an active member of several financial services trade organizations including the National Creditors Bar Association ("NCBA"), ACA International ("ACA"), Receivables Management Association International, and the Florida Creditor's Bar Association. *Id.* at ¶ 9. Based on her expertise in consumer litigation, Ms. Burnette has given numerous CLE-approved presentations about consumer financial services litigation and compliance. *Id.* at ¶ 8. Ms. Burnette's hourly rates of $285 prior to January 1, 2024 and $310 thereafter are in line with—and in fact fall on the low end of—the hourly rates awarded by this Court to attorneys of comparable knowledge, skill, and experience.[3]

Ms. Strickler is a Partner at MSB with over 15 years of litigation experience. *See* Exh. C at ¶ 5. Ms. Strickler's practice is the same as the other members of MSB. *Id.* at ¶ 6. She too has litigated hundreds of consumer lawsuits and successfully tried cases to verdict in state and federal courts across the country. *Id*. Ms. Strickler is a former board member of the NCBA and serves on the ACA's Members Attorney Program committee, where she regularly contributes to educational and compliance sessions for ACA members. *Id.* at ¶¶ 7, 8. She was recognized as among the 25 Most Influential Women in Collections and among the "Who's Who in Compliance" for her work as a consumer financial defense litigator by Collection Advisor Magazine. *Id.* at ¶¶ 9, 10. Ms. Strickler has written articles for the American Bar Association on consumer finance litigation and

---

[3] *See, e.g.*, *Baynes*, 2012 U.S. Dist. LEXIS 39990, at *7 (awarding hourly rates of $325 to a partner); *Murphy*, 2019 U.S. Dist. LEXIS 133667, *14 (awarding $325 hourly rate to partner with 15 years of experience); *Jackson*, 2013 U.S. Dist. LEXIS 109996, at *23 (awarding $300 hourly rate to a partner with 22 years of experience).

routinely presents to trade industry organizations. *Id.* at ¶ 11. Ms. Strickler's hourly rate of $310 during the relevant time period is in line with hourly rates awarded by this Court to attorneys of comparable knowledge, skill, and experience. *See above* at fn 1.

Ms. Olson is a Partner at MSB with more than 12 years of litigation experience. *See* Exh. D at ¶ 5. Ms. Olson's practice is the same as the other members of MSB. *Id.* at ¶ 6. Ms. Olson regularly handles MSB's post-trial and appellate advocacy practice, obtaining successful results for MSB's clients in both state and federal courts, and has successfully served as both first and second chair in jury and bench trials across the country. *Id.* at ¶¶ 6, 7. Ms. Olson's hourly rate of $310 is in line with hourly rates awarded by this Court to attorneys of comparable knowledge, skill, and experience. *See above* at fn 2.

Mr. Schulz is a Senior Associate at MSB with more than 14 years of litigation experience. *See* Exh. B at ¶ 5. His practice is the same as the other members of MSB, and he has litigated hundreds of consumer lawsuits and appeals in state and federal courts across the country. *Id.* at ¶¶ 6, 7. Mr. Schulz's hourly rate of $310 is in line with hourly rates awarded by this Court to attorneys of comparable skill, knowledge and experience, particularly given that PRA's contract with MSB required MSB to use a "blended billing rate"—which necessarily undercompensated MSB for work performed by Ms. Burnette, Ms. Strickler, and Ms. Olson—and the passage of time between the filing of this Petition and the prior awards.[4]

Ms. Walsh is a Senior Associate at MSB with more than 17 years of litigation experience. *See* Exh. E at ¶¶ 5, 7. Mr. Walsh's practice is the same as the other members of MSB, and she has

---

[4] *See, e.g., Caplan*, 2015 U.S. Dist. LEXIS 98843 at *15 (in 2015, concluding $300 was a "reasonable" and "in line with the prevailing market rates in the Pittsburgh market" for attorney practicing 6 years); *Jackson*, 2013 U.S. Dist. LEXIS 109996, at *23 (in 2012, awarding hourly rate of $250 to associate with 12 years of experience).

litigated hundreds of consumer lawsuits. *Id.* at ¶¶ 7-9.  Ms. Walsh sits on the Florida Bar's Rules of General Practice and Judicial Administration Committee. *Id.* at ¶ 10. Mr. Walsh's hourly rate of $310 is in line with hourly rates awarded by this Court to attorneys of comparable skill, knowledge and experience, particularly given MSB's use of a "blended hourly rate" and the passage of time between the filing of this Petition and the prior awards. *See above* at fn 2.

Ms. Garrett was an Associate with MSB, in her first year of practice. She graduated from the University of Pennsylvania Carey Law School in 2022. *See* Exh. A at ¶ 10. During the relevant time period, Ms. Garrett's practice was the same as the other members of MSB. *Id.* at ¶ 11.  Mr. Garrett's hourly rate of $310 is in line with hourly rates awarded to attorneys of comparable skill, knowledge and experience, particularly given MSB's use of a "blended hourly rate" and the passage of time between the filing of this Petition and the prior awards. *See, e.g.*, *Caplan*, 2015 U.S. Dist. LEXIS 98843 at *15 (in 2015, concluding $300 was a "reasonable" and "in line with the prevailing market rates in the Pittsburgh market" for attorney practicing 6 years); *Jackson*, 2013 U.S. Dist. LEXIS 109996, at *23 (awarding hourly rate of $200 to associate with 2 years of experience).

Angela A. Lewis is a paralegal at MSB with more than 10 years of litigation experience. *See* Exh. F at ¶ 5; *see also Haisley v. Sedgwick Claims Mgmt. Servs.*, 2011 U.S. Dist. LEXIS 111826, *30 (W.D. Pa. Sept. 29, 2011) (noting that "[g]enerally, attorneys' fees include work completed by paralegals and law clerks") (citing *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). Prior to joining MSB, Ms. Lewis was a Legal Operations Manager for PRA and, in that role, developed manuals and systems for the training of PRA's multi-state litigation paralegals and was personally involved in the training and overseeing of these paralegal teams. *See* Exh. F at ¶ 4. The vast majority of Ms. Lewis's legal career has been spent handling litigation matters involving the

Fair Debt Collection Practices Act and other consumer protection statutes. *Id.* at ¶ 10. Ms. Lewis's hourly rate of $125 is in line with hourly rates awarded to paralegals of comparable skill, knowledge and experience. *See, e.g.*, *Murphy*, 2019 U.S. Dist. LEXIS 133667, *14, 17 (awarding $125 hourly rate to a consumer litigation paralegal); *Kengerski v. Cnty. of Allegheny*, 2023 U.S. Dist. LEXIS 93055, *5 (W.D. Pa. May 26, 2023) (awarding $150 hourly rate to paralegal with 26 years of experience); *Mozingo v. Oil States Energy Servs., LLC*, 2018 U.S. Dist. LEXIS 158780, *32 (W.D. Pa. Sept. 18, 2018) (awarding $150 hourly rate to paralegals with no discussion of their experience).

2. *The tasks performed and the time spent on each task were reasonable.*

"In calculating the 'time reasonably expended, a district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.'" *White v. Beaver Cty.*, 2020 U.S. Dist. LEXIS 120478, *5 (W.D. Pa. July 9, 2020) (quoting *Farris v. Nat'l Forensic Consultants, Inc.*, 2019 U.S. Dist. LEXIS 70211, at *5 (E.D. Pa. Apr. 24, 2019)); *see also Clemens v. N. Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018) (noting that in deciding the hours reasonably billed, a court should exclude "excessive, redundant or otherwise unnecessary" hours). Whether to exclude or reduce the hours billed is left to the Court's "substantial discretion." *Lanni v. N.J.*, 259 F.3d at 149.

MSB's detailed billing records identify each task performed, the time spent on the task, and who performed the task. *See* Exh. A at ¶¶ 13, 14 (attaching detailed billing records for each case). Prior to submitting this Petition, PRA's lead counsel, Ms. Burnette, reviewed the records and excluded any "excessive, redundant, or otherwise unnecessary" hours. *Id.* at ¶ 17. This

10

included ensuring MSB attorneys did not "double bill" for tasks that applied to both matters[5], including but not limited to, appearing at the February 20, 2024 hearing and the subsequent briefing regarding the imposition of sanctions.

### B. Costs and Expenses

PRA's filing fees paid to the U.S. District Court for the Western District of Pennsylvania for removing each case are $402 per each matter ($804 total). *See* Exh. A at ¶ 18 (attaching receipts). Its filing fees paid to the Court of Common Pleas of Allegheny County, Pennsylvania fees are $36.40 per matter, for a total of $72.80. In total, the fees PRA incurred for removing the cases is $876.80. These removal fees are "adequately documented." *Id.* (same). They were also reasonably incurred. As a matter of statutory law, a defendant is entitled to remove "any civil action" that includes a claim arising under federal law, *see* 28 U.S.C. § 1441(c)(1), and Plaintiffs' Complaints asserted claims against PRA under the FDCPA, a federal statute. *See generally* ECF 1-2.

Additionally, PRA incurred $71.00 in fees in obtaining the transcript of the February 20, 2024 hearing. The invoice documenting this fee is attached, and there is no question they were reasonably incurred, as they were a necessary part of PRA's court-ordered briefing on the application of sanctions in these cases. *See* Exh. A at ¶ 19 (attaching transcript receipt).

PRA's expenses relate to the appearances by PRA and its counsel at the February 20, 2024 hearing. Those expenses are as follows:

- *Lauren M. Burnette, Esq.* – Ms. Burnette, who resides in Jacksonville, Florida, spent $ 688.09 for airfare, $ 105.89 for travel to and from the airport and her hotel, and $ 199.50 in lodging at the Westin Pittsburgh, which is located within

---

[5] Where a single activity (such as hearing attendance) applied to both matters, either the activity was billed only to the *Sofaly* matter or, alternatively, the activity was split evenly between both matters. The circumstances are evident from the detail included within each time entry.

walking distance of the Courthouse. *See* Exh. A at ¶ 20 (attaching documents confirming these expenses). **In total, PRA incurred $888.59 in connection with Ms. Burnette's appearance at the hearing.**

- *Spencer M. Schulz, Esq.* – Mr. Schulz, who resides in New Orleans, Louisiana, spent $1,062.20 for airfare, $92.40 to and from his home to the airport, $122.97 for travel to and from the airport and his hotel, $183.54 for lodging at the Westin Pittsburgh, and $ 73.61 for meals. *See* Exh. B at ¶ 8 (attaching documents confirming these expenses). **In total, PRA incurred $1,534.72 in connection with Mr. Schulz's appearance at the hearing.**

- *Keith McGurgan, Esq.* – Mr. McGurgan, who resides in Virginia Beach, Virginia, spent $ 761.70 for airfare, $ 75.78 for travel to and from the airport and his hotel, $ 222.06 in lodging at the Westin Pittsburgh, and $ 69.25 on meals. *See* Exhibit "G," Declaration of Keith McGurgan at ¶ 5 (attaching documents confirming these expenses). **In total, PRA incurred $1,128.79 in connection with Mr. McGurgan's appearance at the hearing.**

These expenses were reasonably incurred given that Ms. Burnette, Mr. Schulz, and Mr. McGurgan were required to appear at the February 20, 2024 hearing. *See Sofaly* ECF 16; *Malcolm* ECF 6 (ordering "ALL counsel and clients" to appear); *see also Skeen v. BMW of N. Am., LLC*, 2016 U.S. Dist. LEXIS 97188, *82-83 (D.N.J. July 28, 2016) (awarding "travel, meals, and hotels" spent during discovery as reasonable "expenses" incurred litigating case). Further, the expenses are "adequately documented" and confirmed in receipts and credit card statements attached to Ms. Burnette's, Mr. Schulz's and Mr. McGurgan's declarations. *See* Exh. A at ¶ 20; Exh. B at ¶ 8; Exh. G at ¶ 5. There is no basis to exclude or reduce the requested costs and expenses.

### III. CONCLUSION

For the foregoing reasons, the Court should award PRA $23,887 in attorney's fees and $4,499.90 in costs and expenses.

Respectfully submitted,

                               **MESSER STRICKLER BURNETTE, LTD.**

By:    */s/ Lauren M. Burnette*
           LAUREN M. BURNETTE, ESQUIRE
           PA Bar No. 92412
           12276 San Jose Blvd. Suite 718
           Jacksonville, FL 32223
           (904) 527-1172
           (904) 683-7353 (fax)
           lburnette@messerstrickler.com

           */s/ Spencer M. Schulz*
           SPENCER M. SCHULZ, ESQUIRE
           3157 Gentilly Blvd. #2558
           New Orleans, LA 70122
           225-746-8123
           904-683-7353 (fax)
           sschulz@messerstrickler.com
           *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 23, 2024, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
12276 San Jose Blvd. Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com

*/s/ Spencer M. Schulz*
SPENCER M. SCHULZ, ESQUIRE
3157 Gentilly Blvd. #2558
New Orleans, LA 70122
225-746-8123
904-683-7353 (fax)
sschulz@messerstrickler.com
*Counsel for Defendant*

Dated: August 23, 2024